# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DANIEL E. CHAPMAN,

    Plaintiff,

vs.                                                        No. CIV-99-1219 RLP

GARY D. ADKINS, in his individual and official capacity;
BILL K GOODSON, in his individual and official capacity;
HARRY L. WESSON, in his individual and official capacity;
SGT. OLIVAS, in his individual and official capacity;
PHIL FRY, in his individual and official capacity;
JOHN DOE NO. 1, Supervising Officer, in his individual and official capacity;
CITY OF ARTESIA POLICE DEPARTMENT and
CITY OF ARTESIA,

    Defendants.

## MEMORANDUM OPINION and ORDER
## REGARDING DEFENDANTS' MOTION TO DISMISS NO. II.

1. Before the Court is Defendants' Motion to Dismiss Count One of Plaintiff's Complaint, alleging tortious sexual contact with a minor, all claims based on "negligence," excluding the claims set out in Count Five (negligent supervision) and portions of Count Two, alleging violation of Plaintiff's rights under N.M. Const., art. II, §§4, 10, 13 and 18.

2. The following facts are undisputed for the purposes of this motion. On or about March 30, 1998, Plaintiff was stopped for speeding by police officers of the City of Artesia. (Complaint, ¶¶15, 16 & 17). During the stop, Defendant Officer Adkins broke out the drivers' side window of Plaintiff's car with his pistol after which Adkins and Defendant Officer Goodson removed Plaintiff from his car. (Complaint, ¶18). After Defendant Officers Wesson and Olivas arrived, the Defendants "suddenly and violently caused Plaintiff's head to strike the roof/edge" of Officer Wesson's police

car, and then beat, kicked and struck Plaintiff before placing him in Defendant's Wesson's police car. (Complaint ¶¶ 19, 21). Defendant officers continued to kick Plaintiff several times after placing him in the police car. (¶ 23). Plaintiff was charged with and subsequently acquitted of two counts of Aggravated Battery on a police officer. (¶ 17).

3. In September 1999, Plaintiff filed suit against the officers, their supervisors (Defendants Fry and John Doe N. 1) and the City of Artesia+[1] alleging (1) tortious sexual contact with a minor; (2) deprivation of civil rights guaranteed by the Fourth, Fifth, Eight and Fourteenth Amendments to the Constitution of the United States and N.M. Const., art. II, §§ 4, 10, 13 and 18; (3) assault, (4) battery and (5) supervisory liability. Defendants subsequently removed the case to federal court.

**Standard of Review**

4. The Court will dismiss a cause of action " 'only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief.' " <u>Mascheroni v. Board of Regents of Univ. of Cal.</u>, 28 F.3d 1554, 1560 (10th Cir. 1994) (quoting <u>Jacobs, Visconsi & Jacobs v. City of Lawrence</u>, 927 F.2d 1111, 1115 (10th Cir. 1991)). In determining the sufficiency of a complaint, the court " 'must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff.' " <u>Mascheroni v. Board of Regents of Univ. of Cal.</u>, 28 F.3d at 1560, (quoting <u>Williams v. Meese</u>, 926 F.2d 994, 997 (10th Cir. 1991).

**Claims of negligence contained in Count 1, and Claims based on N.M. Const., art. II, §4**

5. Plaintiff concedes that he has failed to state a claim upon which relief may be granted as to Count One, claims based on negligence and claims based on N.M. Const., art. II, §4. ( Docket Nos.

---

[1] Plaintiff also named the City of Artesia Police Department as a party-defendant. Those claims have been dismissed. (Docket No. 20).

2

16 & 17).

6. The Court finds that Plaintiff has failed to state a claim upon which relief can be granted as to Count 1 (tortious sexual contact with a minor), negligence and N.M. Const. art. II, §4. Defendants' Motion to Dismiss as to those claims is well taken and should be granted.

### Claims based on N.M. Const., art. II, § 13.

7. N.M. Const., art. II, § 13, proscribes the imposition of cruel and unusual punishment. The Court notes that Plaintiff has conceded that the alleged actions of the Defendants did not state a claim upon which relief can be granted under the 8th Amendment guarantee against cruel and unusual punishment. (Docket No. 12, p. 3). Neither federal constitutional nor New Mexico constitutional provisions pertaining to cruel and unusual punishment are implicated when the conduct complained of occurs prior to an adjudication of guilt. Ingraham v. Wright, 430 U.S. 651, 671, 97 S. Ct. 1401, 1412 (1977); Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861 (1979) (cruel and unusual punishment protection is not available to pretrial detainees); State v. Smallwood, 94 N.M. 225, 229, 608 P.2d 537, 541 (Ct. App. 1980) (New Mexico's decisions construing parallel state constitutional provision are in accord with the Supreme Court's construction of the federal Cruel and Unusual Punishment amendment.).

8. The Court finds that Plaintiff has failed to state a claim upon which relief can be granted based upon an alleged violation of rights guaranteed under N.M. Const. art. II, §13. Defendants' Motion to Dismiss as to that claim is well taken and should be granted.

### Claims based on N.M.Const., art. II, §§ 10 & 18

9. The undisputed facts set out a claim of assault and battery through the use of excessive force by the defendant police officers. The remaining issues before the Court are whether the rights

guaranteed by N.M. Const., art. II, §§10 (right to be free from unreasonable search and seizure) or 18 (right to due process) create causes of action under the New Mexico Tort Claims Act, for which relief may be granted, and whether Defendants are entitled to dismissal based upon their defense of qualified immunity.

10. The New Mexico Tort Claims Act provides that law enforcement officers acting within the scope of their duties are not immune from liability for damages "resulting from . . . deprivation of any rights, privileges or immunities secured by the constitution and laws of . . . New Mexico." §41-4-12 N.M.S.A. 1978 (1996 Repl.). Despite this broad language, the New Mexico courts require more than a vague references to constitutionally enumerated rights in order to create a cause of action under the Tort Claims Act. See Blea v. City of Espanola, 117 N.M. 217, 221, 870 P.2d 755, 759 (Ct. App.) cert. denied 117 N.M. 328, 871 P.2d 984 (1994). (Vague reference to the right to safety and happiness found in N.M.Const., art. II, §4, are not sufficient to state a claim under the New Mexico Tort Claims Act).

11. New Mexico state courts have never clearly addressed whether immunity under the New Mexico Tort Claims Act is waived for claims against law enforcement officers asserting a violation of §§ 10 or 18. In a case predating the Tort Claims Act, however, the New Mexico Supreme Court recognized that an unjustifiable assault committed by a law enforcement officer in the course of an arrest may expose the officer to damages in a civil suit. Territory of New Mexico V. Taylor, 11 N.M. 588, 601, 71 P. 489, 493 (1903) Where no state court has addressed clearly the substantive law of the state, the federal courts must predict how the state's highest court would rule, following the decision of intermediate courts, the policies underlying applicable legal principles and doctrinal trends indicated by those policies. Weiss v. U.S., 787 F.2d 518, 525 (10th Cir. 1986).

12. The New Mexico Court of Appeals, cognizant of the New Mexico Supreme Court's continued expansion of rights in favor of citizens under the state constitution, observed that a waiver of immunity under the Tort Claims Act for violation of due process might exist, provided it would not constitute an impermissible elimination of the principle of sovereign immunity. Blea, 117 N.M. at 222. In considering whether to recognize a cause of action under the tort claims act for a violation of art. II, §18, the New Mexico Court of Appeals was concerned with the potential emasculation of the immunity provision of the Tort Claims Act. The court found that the plaintiffs had failed to articulate a theory of liability which would not create too broad a waiver.

13. Claims based on use of excessive force:

> . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process' must be the guideline for analyzing these claims.

Graham v. Connor, 490 U.S. 386, 395 (1989).

14. I am persuaded that in the context of the use of excessive force amounting to an assault and battery committed by law enforcement officers acting within the scope of their duties, the New Mexico Courts would recognize a claim under the New Mexico Tort Claims Act for violation the right under the New Mexico Constitution to be free from unreasonable seizure. State v. Gomez, 122 N.M. 777, 786, fn. 4 (1997) (right to be free from unreasonable search and seizure is fundamental); see Campos v. State, 117 N.M. 155, 870 P.2d 117 (1994) (the rights guaranteed by N.M. Const., art. II, § 10 are broader than those found in the Fourth Amendment); see Montes v. Gallegos, 812 F. Supp. 1165 (D. N.M. 1992) (Plaintiff granted summary judgment on claims alleging violation of N.M.

Const., art. II, §§ 10 & 18). I am further persuaded that the recognition of such a claim under the New Mexico Tort Claims Act will not create too broad a waiver of liability. The New Mexico Tort Claims Act clearly authorized claims based on assault and battery. The right to be free from unreasonable seizure through the use of excessive force is narrower, recognizing that police officers have the right to use a "reasonable" amount of physical coercion or the threat thereof to effect an arrest. Graham v. Connor, 490 U.S. at 396.

15. Defendants have not argued otherwise. They assert, rather, that because no New Mexico court has definitively recognized a waiver of sovereign immunity based on alleged violations of §10 or §18, they are entitled to prevail on their defense of qualified or "good faith" immunity.

16. The defense of qualified immunity applies to actions alleging violations of civil rights under 42 U.S.C.A. §1983. It has not been specifically applied to actions alleging violations of state constitutional rights. New Mexico has long recognized a "good faith" defense (rather than immunity) in actions involving state law claims against police officers. Perea v. Stout, 94 N.M. 595, 613 P.2d 1934 (Ct. App. 1980); Mead v. O'Connor, 66 N.M. 170, 172, 344 P.2d 478, 479 (1959) (use of force by police office judged under good faith standard). For the purposes of this motion, I will assume the defense of qualified immunity is applicable to claims against police officers alleging violations of state constitutional rights under the New Mexico State Tort Claims Act.

17. A law enforcement officer claiming the defense of qualified immunity is entitled to such immunity if a "reasonable officer could have believed [the defendant's actions] to be lawful, in light of clearly established law and the information the . . . officer possessed." Anderson v. Creighton, 483 U.S. 635, 641, 107 S. Ct. 3034 (1987). Defendants would be entitled to prevail on the defense of qualified immunity if a reasonable law enforcement officer would be unaware that pre-existing law

6

made use of excessive force unlawful. However, "(n)o officer could reasonably believe that the use of unreasonable force did not violate clearly established law.[2]" Street v. Parham, 929 F.2d 537, 540 (10th Cir. 1991).

18.     I find that the unlawfulness of committing an unprovoked assault and battery on a motorist would have been apparent to a reasonable police officer at the time in question. No justification for the actions of the police officers has been presented to the Court. Therefore, there is at present no basis upon which to assess the objective reasonableness of the defendants' actions. Accordingly, defendants are not entitled to dismissal of claims based on N.M. Const., art. II, §10 and the defense of qualified immunity.

19.     The Court finds that Plaintiff has not stated a claim upon which relief can be granted based upon an alleged violation of rights guaranteed under N.M. Const. art. II, §18. Defendants' Motion to Dismiss as to that claim is well taken and should be granted. The Court finds that Plaintiff has stated a claim upon which relief can be granted based upon an alleged violation of the rights guaranteed under N.M. Const. art. II, §10. The Court further finds that the Defendants are not entitled to dismissal of claims brought under § 10 based upon the affirmative defense of qualified immunity.

20.     **IT IS THEREFORE ORDERED AS FOLLOWS:**

    A.     Defendants' Motion to Dismiss the claims based on negligence as alleged in Court 1 is well taken and is hereby granted.

---

[2] To be clearly established, "(t)he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. at 640. The very action at issue need not have been previously held unlawful. Rather, the unlawfulness must be apparent in the light of pre-existing law. Id. at 640, 107 S.Ct. 3034.

B.  Defendants' Motion to Dismiss claims based on N.M. Const. art. II, §4 is well taken and is hereby granted.

C.  Defendants' Motion to Dismiss claims based on N.M. Const. art. II, §13 is well taken and is hereby granted.

D.  Defendants' Motion to Dismiss claims based on N.M. Const. art. II, §18 is well taken and is hereby granted.

E.  Defendants' Motion to Dismiss claims based on N.M. Const. art. II, §10 is not well taken and is hereby denied.

**IT IS SO ORDERED.**

_____
**RICHARD L. PUGLISI**
**UNITED STATES MAGISTRATE JUDGE**
**(Sitting by designation**)

For Plaintiff:    Gary C. Mitchell, Esq.
                  Shawn M. Boyne, Esq.

For Defendants:   Stephen G. French, Esq.